**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAMES ROBERT JEFFRIES,
    Plaintiff

            v.

FAY SERVICING, LLC, *et al.*,
    Defendants

No. 25 CV 14643

Judge Jeremy C. Daniel

**ORDER**

The defendants' motions to dismiss, [35] and [40], are granted. Any amended complaint is due on or before June 29, 2026.

**STATEMENT**

Before the Court are Defendants Citibank, N.A. ("Citibank") and Blitt & Gaines, P.C.'s ("Blitt & Gaines") respective motions to dismiss the complaint filed by Plaintiff James Robert Jeffries. (R. 35; R. 40.) The facts below are taken from the plaintiff's complaint, (R. 33), and are presumed to be true for the purpose of resolving the defendants' motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Background**

The plaintiff is a resident of Illinois and the principal owner of Realty Source Inc. (R. 33 at 3.) [1] Under his company and as a personal guarantor, the plaintiff executed a real property loan ("Property Loan") concerning the property located at 9150 South Burnside Avenue, Chicago, Illinois 60619 ("Real Property"). (*Id.* at 1–2.) Following the Property Loan's execution, the plaintiff alleges that Defendant Fay Servicing LLC ("Fay") improperly classified the loan as a consumer mortgage instead of a "business-purpose loan," attaching the property loan to the plaintiff's personal identity and not his business identity. (*Id.* at 4.) Beginning in 2019, the plaintiff states that the miscalculation led defendants Fay and Blackstone/ICS ("Blackstone") to generate an inaccurate Form 1098 and Form 1099 tax documents and submit those allegedly inaccurate documents to the IRS. (*Id.* at 8.) The plaintiff also claims that Fay and Blackstone, despite the submission of Qualified Written Requests and Notices of

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Error, never issued a correction or explanation of the Property Loan classification. (*Id.* at 4, 7.)

The plaintiff alleges that he was a victim of "identity misuse" and "identity theft," which led him to notify each of the defendants of the situation, dispute the accounts, and request that the account activity be investigated. (*Id.* at 5–6.) The complaint does not allege when these actions took place. From the disputed accounts, one was reported by Citibank for failure to pay the minimum balance owed, who then retained Blitt & Gaines for third-party debt collection and litigation. The plaintiff claims that after providing notice and submission of identity theft evidence, Blitt & Gaines and Citibank continued to pursue collection in violation of the Federal Credit Reporting Act ("FCRA"). He further alleges that Blitt & Gaines pressured him to "pay on unverified and disputed accounts," "failed to provide proper debt validation," and "used litigation and threats as leverage on [the] disputed debt" in violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 8.)

In February 2025, Fay referred the Property Loan to foreclosure proceedings against the plaintiff. (*Id.* at 6.) Following the initiation of the proceedings, the plaintiff claims that in March 2025, Fay requested the production of plaintiff's identity theft documentation. After that request, Fay continued with the foreclosure process, which the plaintiff alleges constituted dual tracking in violation of the Real Estate Settlement Procedures Act ("RESPA"). (*Id.*)

The plaintiff's complaint brings five federal claims against the defendants, including: three under the FCRA, 15 U.S.C. §§ 1681 *et seq.*, one under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, one under the RESPA, 12 U.S.C. § 2605(e). He also alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA"), 815 ILCS 505/1 *et seq.*, civil conspiracy, abuse of process and malicious prosecution, quiet title, IRS information returns and declaratory relief, and declaratory judgment. (*Id.* at 10–13.) Citibank and Blitt & Gaines each move to dismiss the complaint against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (R. 35; R. 40.)

## LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) (citation omitted). The plaintiff must set forth "adequate factual detail to lift [his] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). It is not enough for a plaintiff to merely "allege labels and conclusions without providing facts." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Additionally, the plaintiff's fraud-based claims are subject

2

to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to state such allegations "with particularity." Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co., 631 F.3d 436, 441–42 (7th Cir.2011). To state allegations with particularity, the plaintiff must describe the "who, what, when, where, and how" of the fraudulent act. *Id.*

## ANALYSIS

The Court begins with Citibank and Blitt & Gaines' argument that the plaintiff's failure to state a claim with respect to Federal Rule of Civil Procedure 8 requires a Rule 12(b)(6) dismissal. (R. 35 at 7–9.) Federal Rule of Civil Procedure 8 lays the foundation for what is required for a sufficient pleading. A complaint "must contain… a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And "each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).

The primary purpose of the pleading standard established in Rule 8 is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citations omitted). Thus, in instances where a complaint's "lack of organization and basic coherence" substantially frustrates a party's ability to understand the facts and plausibly connect them to the intended claims, dismissal is appropriate. *Id.* at 798; *see also Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 946–47 (7th Cir. 2013) (internal markings and citations omitted)

The plaintiff has not provided the defendants or the Court with enough information to link his factual allegations with the claims he asserts. While the Court does accept a more liberal construal of *pro se* complaints and reviews them "more forgivingly than a pleading prepared by a lawyer," that lens does not exempt the plaintiff from his responsibility to provide fair notice of his claims to the defendants. *Schillinger* 954 F.3d at 994. The plaintiff's complaint falls short of a coherent account of the alleged actions or inactions of the parties and instead relies on various conclusory statements against the defendants for support. For example, the plaintiff alleges that all the defendants that furnish consumer credit information have violated the FCRA because they failed to conduct reasonable investigations on disputed accounts. (R. 33 at 10.) However, he provides no factual basis or contextual support for his allegation. As such, the Court finds the allegation to be conclusory. Similarly, the plaintiff alleges that all of the defendants participated in a civil conspiracy against him because they "acted in concert, knowingly, or with reckless disregard" to among other things "maintain false creditor identities," "misreport information to CRA[']s and [the] IRS," and "suppress evidence of standing defects." (R. 33 at 13.) Again, the plaintiff does not offer any facts to support his claim. Conclusory allegations cannot be used to state a claim or provide the notice that Rule 8 demands. *Swanson v. Citibank,* 614 F.3d 400, 405 (7th Cir. 2013). Without more, the alleged claims cannot rise from the realm

3

of speculation to that of plausibility, and do not provide fair notice to the defendants. Accordingly, the Court grants the defendants' motions to dismiss the plaintiff's complaint.

Date: June 1, 2026

JEREMY C. DANIEL
United States District Judge