**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES ROBERT JEFFRIES,<br>Plaintiff<br><br>v.<br><br>FAY SERVICING, LLC, *et al.*,<br>Defendants | No. 25 CV 14643<br><br>Judge Jeremy C. Daniel |

## ORDER

Defendant Blitt & Gaines' motion to dismiss [63] is granted. Jeffries' section 1692(g) claim is dismissed with prejudice. Jeffries is granted leave to amend his section 1692(e) and (f) claims if he believes he can cure the deficiencies set out below. Any amended complaint is due on or before November 12, 2026.

## STATEMENT

### Background

Before the Court is Defendant Blitt & Gaines, P.C.'s ("Blitt & Gaines") motion to dismiss the first amended complaint (FAC) filed by Plaintiff James Robert Jeffries. (R. 63.) The facts below are taken from Jeffries' complaint (R. 62) and are presumed to be true for the purpose of resolving the defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Between May 2016 and May 2019, Jeffries opened credit card accounts at Defendant Bank of America, N.A. ("Bank of America") and Defendant Citibank, N.A. ("Citibank"). (R. 62 ¶¶ 26, 28.)[1] He maintained those accounts without administrative issue through 2022. In 2023, Jeffries reached a delinquency balance of $4,196 on his Bank of America account, and a separate delinquency of $3,651 on his Citibank account. (*Id.*; R. 63-3 at 2, 5.) Throughout April and May 2023, Bank of America and Citibank retained Blitt & Gaines to collect Jeffries' outstanding debts. (R. 62 ¶¶ 26, 28.) Blitt & Gaines sent Jeffries debt collection notices by May 2023 to inform him of the associated creditors, debt amount, and debt dispute process and timeline. (R. 63-1; R. 63-2 at 1–2.) On June 1, 2023, Jeffries replied with a letter to Blitt and Gaines claiming to own U.S. Treasury securities and instructed them, Bank of America,

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Citibank, and the Bank of New York Mellon to "process this bond/remittance/securities and deposit all to the below listed accounts" as a final payment of his alleged bank debts. (R. 63 at 4–6; R. 63-3.)

Around the same time, Jeffries alleged that he had been the victim of "identity theft" and "identity misuse," and filed multiple disputes concerning his financial accounts with the Consumer Financial Protection Bureau (CFPB). (R. 62 ¶¶ 13, 33.) On May 3, 2023, Bank of America opened a fraud investigation related to Jeffries' claim and instructed Blitt & Gaines to pause collection efforts until the investigation was completed. (*Id.* ¶ 26.) Between July and October of 2023, Blitt & Gaines initiated collection actions against Jeffries in the Circuit Court of Cook County for his debts to Bank of America and Citibank. (*Id.* ¶¶ 26–28.) On December 4, 2024, Bank of America's collection action was dismissed with prejudice, and on April 5, 2025, Citibank voluntarily dismissed its collection action without prejudice. (*Id.* ¶¶ 26, 28.)

On June 29, 2026, Jeffries filed the FAC alleging that Blitt & Gaines' collection practices violated sections 1692e, f, and g of the Fair Debt Collection Practices Act (FDCPA). (R. 62 ¶¶ 67–70); 15 U.S.C. §§ 1692, *et seq*. Blitt & Gaines moves to dismiss for failure to state a claim. (R. 63.)

## Legal Standard

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) (citation omitted). The plaintiff must set forth "adequate factual detail to lift [his] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). It is not enough for a plaintiff to merely "allege labels and conclusions without providing facts." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Jeffries' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).

## ANALYSIS

The FDCPA was created to eliminate abusive debt collection practices. 15 U.S.C. § 1692. Jeffries alleges that Blitt & Gaines violated sections 1692e–g because they resumed collection proceedings after receiving notice that Bank of America and Citibank had opened internal fraud investigations on Jeffries' respective accounts. (R. 62 ¶¶ 67–70.) Section 1692e prohibits "any false, deceptive, or misleading

representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute offers sixteen types of debt collector actions that amount to a violation. Jeffries' complaint offers only the conclusory statement that Blitt & Gaines resumption of collection proceedings constituted "false or misleading representations." (R. 62 ¶ 69.) Even when construed liberally, Jeffries' complaint does not allege a violation that remotely reflects any of the list of prohibited acts. As such, the Court finds that Jeffries' section 1692e claim fails.

Section 1692f prevents a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute lists eight categories of violations. Again, Jeffries does not allege what conduct, if any, Blitt & Gaines carried out that could qualify as a violation of section 1692f. Without any factual support, Jeffries' section 1692f claim does not reach the level of plausibility and fails.

Section 1692g governs a debt collector's obligation to provide notice of a debt and the procedure required for disputed debts. 15. U.S.C. § 1692g. While there is no dispute concerning the debt notices, Jeffries alleges that Blitt & Gaines violated this section because he disputed the debt and they continued with the collections before mailing him any form of debt verification. (R. 62 ¶ 69; R. 66 at 2–6); 15 U.S.C. § 1692g(b). Blitt & Gaines argue that Jeffries never disputed the debts, but rather that Jeffries' June 1, 2023, letter was an attempt to repay the debt owed under both the Bank of America and Citibank accounts by relinquishing ownership of U.S. Treasury bonds and instructing the defendants to use the proceeds to pay off his outstanding debts. (R. 63 at 4–6; R. 63-3.) Under section 1692g, a debt collector's disputed debt obligations are only triggered if a consumer notifies them of a debt dispute within thirty days of receiving notice. 15 U.S.C. § 1692g(b). Jeffries does not challenge Blitt & Gaines' characterization of his payment attempt. Nor does he allege that the letter was intended to serve as both a payment and a debt dispute or that any other debt dispute communications were sent within the allotted thirty-day period. Because Jeffries' letter plainly demonstrates attempted payment, not debt dispute, and he pleads no other relevant facts, the section 1692g claim fails. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (explaining that an exhibit controls when it incontrovertibly contradicts the allegations in the complaint, including in scenarios where the court rules against the non-moving party).

Accordingly, Blitt & Gaines' motion to dismiss is granted. Given that any further amendment would be futile in light of the debt payment letter, Jeffries' section 1692g claim is dismissed with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). The Court grants Jeffries one final opportunity to amend his section 1692e and f claims if he believes he can cure the deficiencies set out above.

Date: October 15, 2026

JEREMY C. DANIEL
United States District Judge